IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-cr-00469-JFH |
| ) | |
| SHAWN ALEXANDER SIMPSON, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is the Government's motion to compel Defendant's prior counsel to provide an affidavit addressing the claims raised by Defendant's habeas motion. Defendant has not responded to the motion.[1] It is unclear whether the prior counsel objects to the motion. The Court finds good cause has been shown for some discovery but that the motion is insufficiently tailored to allow for the relief sought. The Court will allow the Government to conduct discovery under the Federal Rules of Civil Procedure or to file a new motion.

*Background*

On September 29, 2023, Defendant filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (ECF No. 77.) In that motion, Defendant asserts that—due to ineffective assistance of counsel—he entered into a plea agreement not understanding that he would be subject to a seven-year term of supervised release with several conditions that, he asserts, involve a greater deprivation of liberty than is reasonably necessary. (*Id.* at 1.) More specifically, Defendant alleges that

---

[1] Under the local rules governing criminal actions, Defendant's response was due on December 29, 2023. LCrR 47-2. If the local civil rules applied, Defendant's response would have been due on January 12, 2024. LCvR 7-1(e).

> Prior to Signing the Plea Agreement counsel, Branden Bell, 1) Failed to inform his client of a seven (7) year term of supervised release[,] 2) Failed to explain each condition of his client[']s supervised release, 3) Failed to inform his client of his right to object to any condition or the term of his supervised release, and 4) Failed to raise any objections of his own to the terms and conditions of his client[']s supervised release.

(*Id.* at 3.)  Defendant then details the specific conditions imposed on him and the arguments he believes his counsel should have made.  (*Id.* at 3-8.)

On October 31, 2023, Defendant filed a supplement to his motion, to add a claim that his counsel "was ineffective in the negotiation of the plea"; asserting that his counsel failed to investigate a video that was "not complete and was wholly misleading"; claiming he was not guilty and only pled guilty "because [his] lawyer told [him] to"; and asserting counsel failed to discover other evidence.  (ECF No. 83 at 1-2.)

The Government has now filed the instant motion, seeking an order to "compel counsel to provide an affidavit addressing the claims raised by the defendant in his motion, including advice rendered with respect to these claims and the justification behind counsel's strategic choices with respect thereto" or "addressing the issues raised by the defendant in his § 2255 motion and his letter supplement to the Court."  (ECF No. 87 at 1, 3-4.)  Mr. Bell has previously informed the Government that he will not provide an affidavit addressing "these matters" without a court order.  (*Id.* at 4.)

## *Analysis*

Pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law."  R. Gov'g Sec. 2255 Procs. R. 6(a).  Further, the party requesting discovery must provide the reasons for the request and "include any proposed

interrogatories and requests for admission, and must specify any requested documents." *Id.*, R. 6(b).

The Court finds that the Government has shown good cause to conduct some discovery. But, the Government's showing is not sufficient "to indicate precisely what information the attorney [is] required to disclose . . . ." *United States v. Pinson*, 584 F.3d 972, 979 (10th Cir. 2009) (noting "such a requirement should ideally be carefully tailored to protect prisoners' Sixth Amendment rights"). Further, the Court finds that truncating the process in this manner—without, e.g., requiring the requested discovery to be specifically stated or hearing the objections (if any) of the individual from whom discovery is sought—avoids important procedural safeguards that can ensure that all interested persons have appropriate notice and a full opportunity to be heard.[2]

The Court finds that the Rules of Civil Procedure provide these safeguards and would allow the Government to seek relief if the requested discovery was not appropriately provided. If the Government believes the civil rules do not fit the current need, it may also file a new motion in accordance with Rule 6.

IT IS THEREFORE ORDERED that the Government's Motion to Compel (ECF No. 87) is GRANTED IN PART and DENIED IN PART. The Government is authorized to conduct discovery under the Federal Rules of Civil Procedure in order to attempt to obtain the information requested from Defendant's prior counsel, Branden Bell. If such

---

[2] The Court recognizes that other courts have entered orders for pre-hearing affidavits from prior counsel or other methods of obtaining discovery from prior counsel in § 2255 cases. *See, e.g., Nelson v. United States,* No. 4:04-CV-8005-FJG, 2010 WL 3398791, at *2 (W.D. Mo. Aug. 24, 2010) (collecting cases). However, the Court does not find that the Government has adequately specified the discovery sought in such a way that the Court can make a sufficient finding regarding waiver of privilege. The Court further believes that a response (or lack of objection) from Mr. Bell is appropriate before ruling.

attempts are not successful, the Government may seek appropriate relief under the civil rules.

Nothing in this Order prohibits the Government from filing a new motion under Rule 6 to conduct discovery "in accordance with the practices or principles of law," which could potentially include asking Mr. Bell to provide an affidavit or other document answering specific questions under oath or penalty of perjury. Such motion shall specify, in detail, the information sought and in what form; shall be served on Mr. Bell and Defendant via U.S. Mail; and shall inform Mr. Bell and Defendant that they have 7 days within which to respond to the motion.

ORDERED this 17th day of January, 2024.

_____
SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT