IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 21-CR-469-JFH |
| SHAWN ALEXANDER SIMPSON, | |
| Defendant. | |

## OPINION AND ORDER

Before the Court are numerous filings related to a motion to vacate sentence under 28 U.S.C. § 2255 ("Original Motion" or "First Filing") filed by Defendant Shawn Alexander Simpson ("Defendant"). Dkt. No. 77. The Court issues this Order to clarify the current state of the docket.

## BACKGROUND

**Pretrial, Guilty Plea, and Sentencing**

Defendant was indicted on three counts: sexual abuse of an incapable victim in Indian country, in violation of 18 U.S.C. §§ 1151, 1152, and 2242(2); first degree burglary in Indian country, in violation of 18 U.S.C. §§ 1151, 1152, & 13 and 21 O.S. §§ 1431 & 1436; and abusive sexual contact with an incapable victim in Indian country, in violation of 18 U.S.C. §§ 1151, 1152, & 2244(a)(2). Dkt. No. 15. The sexual abuse charge alleged that Defendant caused A.F. to engage in a sexual act by penetrating her mouth with his penis and by touching her genitalia while he "well knew at that time [that A.F. was] in capable of appraising the nature of the conduct, and physically incapable of declining participation in and communicating unwillingness to engage in that sexual act," and the abusive sexual contact charge alleged that he caused sexual contact with her "by intentionally touching, directly and through clothing, her genitalia, buttocks, and breasts" while

she was "incapable of appraising the nature of the conduct, and physically incapable of declining participation in and communicating unwillingness to engage in that sexual contact." *Id.*

In July 2022, Defendant pled guilty to the two sexual abuse-related charges in a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). Dkt. No. 68; Dkt. No. 69; Dkt. No. 70. The statutes listed in the plea agreement for Count One—which the agreement specified was sexual abuse of an incapable victim in Indian country—were 18 U.S.C. §§ 1151, 1152, & 2242(**1**). Dkt. No. 69 at 1.[1] Defendant's plea agreement sets out a factual basis that:

> [O]n or about July 18, 2021, I knew that A.F. was asleep and incapable of consenting to sexual acts or contacts. While A.F. was asleep and incapable of consenting, I used my hand to touch A.F. on her buttocks, genitals, and breasts over her clothes. I also inserted my penis into A.F.'s mouth.

Dkt. No. 69 at 8. Defendant's petition to enter plea of guilty incorporates the facts stipulated to in the plea agreement. Dkt. No. 68 at 2. The plea agreement stated that "the Court shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for not less than 5 years or more than life." Dkt. No. 69 at 12-13.

In October 2022, Defendant was sentenced. Dkt. No. 76. The judgment, like the plea agreement, stated the offense for Count One was sexual abuse of an incapable victim in Indian country in violation of 18 U.S.C. § 1151, 1152, & 2242(1). *Id.* at 1. The Court accepted the parties' 11(c)(1)(C) plea agreement and sentenced Defendant to 96 months' imprisonment as to Count One and 36 months as to Count Three, to run concurrently with each other, followed by seven years of supervised release. *Id.* at 2-3.

---

[1] The plea agreement had other inconsistencies, particularly referring to the two sexual abuse-related charges as Counts One and Two instead of Counts One and Three as labeled in the indictment. Dkt. No. 69. The minutes of the change of plea hearing noted that the parties referred to the two sexual abuse-related charges as Counts One and Two because the actual Count Two, for burglary, had been dismissed. Dkt. No. 50; Dkt. No. 65.

**Section 2255 Briefing**

Defendant filed his Original Motion on September 29, 2023.  Dkt. No. 77.  The Original Motion did not challenge Defendant's conviction or terms of imprisonment.  *Id.* at 1.  Instead, it claimed his counsel was ineffective because Defendant entered "into a plea agreement not fully knowing and understanding he was agreeing to [various] term[s] of Supervised Release."  *Id.*  Since the Original Motion, Defendant has filed repeated supplements and/or motions to amend the Original Motion.

In Dkt. No. 83[2] ("Second Filing") filed on October 31, 2023, Defendant filed his first requested revision, asserting that his counsel was ineffective in the negotiation of the plea because had he "researched and challenged the evidence[,] he would have known that the video that was shown was not complete and was wholly misleading."  Dkt. No. 83 at 1.  He also claimed that video evidence was "manufactured."  *Id.* at 2.

In Dkt. No. 89[3] ("Third Filing") filed on January 9, 2024, Defendant challenged three things about the video evidence, claiming the evidence was "a video recording of a video[,] not a copy of an original video[,] with no valid proof that the original video was not fabricated;" the "evidence was not properly handle during the tampering with the original recording;" and the video was wrongly excerpted from 24 hours to 10 minutes, when "the totality of the whole video of that evening would have exonerated [him]."  Dkt. No. 89 at 1-2.

The Government filed a response in opposition to Defendant's First, Second, and Third Filings.  Dkt. No. 92.

---

[2]  This was originally filed as a motion to supplement and restyled as a supplement.

[3]  This was filed as a supplement.

In Dkt. No. 94[4] ("Fourth Filing") filed on January 30, 2024, Defendant claimed his counsel "guided [him] into confessing to crimes that did not happen without putting forth effort to bring the truth to light" by telling Defendant that "everyone pleads guilty in the end" and choosing "to not use . . . [a] witness who said that [Defendant] was being set up." Dkt. No. 94 at 1-2.

In Dkt. No. 97[5] ("Fifth Filing") filed on February 9, 2024, Defendant raised five arguments: that either he or his counsel did "not obtain[] the complete video evidence available at the time of acquiring the evidence;" that his counsel did not give him a copy of the plea agreement until November 22, 2023; that his counsel "not only [misled him] . . . [but] did not work to the complete ability of the law to defend" him; that "if the Government and [defense counsel] had followed Fed. Rules 902(13) this would never have gone to trial; and that "by violating the law the Government and [defense counsel] acquired a conviction that should not stand." Dkt. No. at 1-2.

The Government filed an additional response in opposition to Defendant's Fourth and Fifth Filings, arguing that they are either restatements of his prior arguments or untimely amendments to his Original Motion. Dkt. No. 98.

In Dkt. No. 99 ("Sixth Filing") filed on February 23, 2024, Defendant requested an extension of time to respond to the Government's response to his Fourth and Fifth Filings due to the slowness of mail delivery at the facility where he is incarcerated. Dkt. No. 99 at 1. He did not raise any substantive arguments in this filing. *Id.* at 1-2.

In Dkt. No. 100 ("Seventh Filing") filed on February 27, 2024, Defendant replied to the Government's original response set out in Dkt. No. 92 responding to his First, Second, and Third Filings. Dkt. No. 100 at 1.

---

[4] This was filed as a motion to amend [Dkt. No. 94], which the Court granted [Dkt. No. 95].

[5] This was filed as a supplement.

In Dkt. No. 101[6] ("Eighth Filing") filed on February 29, 2024, Defendant "present[ed] . . . grounds for the 2255 motion instead of filing an appeal." Dkt. No. 101 at 1. He raised arguments that he was not given a copy of his charges, plea agreement, or a judgment; that he was transferred among various facilities; that one facility miscalculated his criminal history category, leading to inaccurate designation; and that he has had inconsistent access to law libraries. *Id.* at 2-4. He said in conclusion that he "offer[ed] this information so that the Courts can understand why a 2255 motion has been filed and not a [sic] appeal in [his] case." *Id.* at 4. He did not raise any substantive arguments in this filing.

In Dkt. No. 102 ("Ninth Filing") and Dkt. No. 103 ("Tenth Filing") both filed on March 8, 2024, Defendant requested a 120-day extension of time to file an amendment to the Original Motion and discovery from his counsel, respectively. The Ninth Filing requests an extension of time to be able to amend the Original Motion after Defendant receives and reviews the discovery requested in the Tenth Filing. He did not raise any substantive arguments in either filing.

In Dkt. No. 104[7] ("Eleventh Filing") filed on March 25, 2024, Defendant requested leave to amend his Original Motion to add a claim that the Government did not prove—and his counsel did not adequately represent him by contesting—that Defendant violated 18 U.S.C. § 2242(1) by threatening or forcing the victim or placing her in fear. Dkt. No. 104 at 4-7. He also requested both appointment of counsel and a certificate of appealability. *Id.* at 7.

In Dkt. No. 105 ("Twelfth Filing") filed on March 25, 2024, Defendant requested leave to proceed in forma pauperis. Dkt. No. 105.

---

[6] This was filed as a supplement.

[7] This was filed as a motion to amend.

## AUTHORITY AND ANALYSIS

**Section 2255 Statute of Limitations**

Under 28 U.S.C. § 2255, a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." A one-year period of limitation applies to a § 2255 motion. 28 U.S.C. § 2255(f). This period runs from the latest of several possible events. *Id.* In Defendant's case, it appears only the first of those several possible events applies, and his one-year period would be calculated from the date on which his judgment of conviction became final. *Id.* at (f)(1). Since Defendant did not file a direct appeal, his conviction became final upon the expiration of the time in which to take a direct criminal appeal. *United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006). Judgment in Defendant's case was entered on October 31, 2022. Dkt. No. 76. Therefore, his judgment became final when the 14-day window to appeal expired on November 14, 2022, and his one-year window for § 2255 claims expired on November 14, 2023.

Defendant timely filed his Original Motion on September 29, 2023. Dkt. No. 77. He also submitted his Second Filing before the one-year window ran. Dkt. No. 83. However, his Third through Twelfth Filings have all been filed after November 14, 2023. Dkt. Nos. 89, 94, 97, 99, 100, 101, 102, 103, 104, 105. The Court must examine how the attempted amendments change, or not, the substance of Defendant's § 2255 challenge.

**Amendment Motions**

"The habeas rule instructs the petitioner to specify all grounds for relief available to [him] and to state the facts supporting each ground." *Mayle v. Felix*, 545 U.S. 644, 649 (2005) (quotation omitted) (modification in original). At the same time, "Congress provided that a habeas petition may be amended . . . as provided in the rules of procedure applicable to civil actions." *Id.*

6

(quotation omitted).[8]  Federal Rule of Civil Procedure 15 applies to amendment of § 2255 motions. *United States v. Roe*, 913 F.3d 1285, 1296 (10th Cir. 2019).

"Pursuant to the provisions of Fed. R. Civ. P. 15(a)(2), a movant may file an amended § 2255 motion at any time during post-conviction proceedings with leave of court." *Id.*  "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  However, arguments raised in an amendment to a § 2255 motion "only relate back to the date of the original pleading, for purposes of any applicable statute of limitation, when 'the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.'" *Roe*, 913 F.3d at 1296 (quoting Fed. R. Civ. P. 15(c)(1)(B)).

> [A]n untimely amendment to a § 2255 motion which, by way of additional facts, clarifies or amplifies a claim or theory in the original motion may, in the District Court's discretion, relate back to the date of the original motion if and only if the original motion was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case.

*Id.* (quoting *United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000)).

Since Defendant's first revision (set out in his Second Filing) fell within the applicable statute of limitations, it widened the scope of Defendant's challenge from one ground to two grounds:  a supervised release issue and a manufactured or manipulated evidence issue regarding a video of the charged conduct (together, the "§ 2255 Challenge").  No further revisions were filed before the one-year window closed on November 14, 2023.  Later filings need to add additional facts to clarify or amplify these two grounds, and not add additional new claims or theories, to avoid being time-barred. *Roe*, 913 F.3d at 1296.

---

[8]  The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or rules specifically applicable to § 2255 motions, may be applied in a § 2255 proceeding.  Rules Governing § 2255 Cases, Rule 12, 28 U.S.C.

Defendant filed multiple documents since the one-year window closed, some construed as supplements with no court action and some as motions to amend, where some have been ruled on and others are still pending. For consistency, the Court construes each of Defendant's substantive pleadings (defined as his Third, Fourth, Fifth, Eighth, and Eleventh Filings) as a live motion to amend.[9]

Defendant's Third Filing clarifies or amplifies his theory regarding video evidence. Dkt. No. 89. This relates back to the timely filed § 2255 Challenge. Amendment is granted.

Defendant's Fourth Filing attempts to add another claim or theory regarding defense counsel's advice to Defendant. Dkt. No. 94. This requested amendment does not relate back. Amendment is denied.

Defendant's Fifth Filing is a mixture of amplifying his video evidence theory and amplifying his advice theory. Dkt. No. 97. To the extent it speaks of the video evidence theory, it relates back and amendment is granted. To the extent it speaks of the advice theory, it does not relate back and amendment is denied.

Defendant's Eighth Filing relays historical information but does not raise substantive arguments. Dkt. No. 101. The motion to amend is moot.

Defendant's Eleventh Filing attempts to add another claim challenging the factual basis for Defendant's plea of guilty to the statute listed in the plea agreement. Dkt. No. 104. This claim does not relate back. Amendment is denied.

---

[9] Rule 15(a)(2) allows amendment with leave of court. Fed. R. Civ. P. 15(a)(2). Rule 15(d) allows a supplemental pleading where a plaintiff or habeas petitioner wants to "set[] out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." *Id.* at (d). Because Defendant's various filings all seek to add additional arguments about his plea negotiation and sentencing (which do not post-date his Original Motion), the requests to add information are best construed as amendment motions.

**Successive Motions**

Defendant's Fourth, Fifth (to the extent it addresses his counsel's advice), and Eleventh Filings do not relate back to his § 2255 Challenge. The Court therefore finds that each is better treated as a second or successive § 2255 motion. *See United States v. Jones*, No. 18-CR-0128-CVE-1, 2022 WL 3701595, at *7 (N.D. Okla. Aug. 26, 2022).

Section 2255(h) permits a second or successive § 2255 motion under certain circumstances when the new motion is based on newly discovered evidence or new rules of constitutional law. 28 U.S.C. § 2255(h). By statute, an appellate court must certify a second or successive motion, and "[a] district court does not have jurisdiction to address the merits of [it] until [the Tenth Circuit] has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

Here, the Court lacks jurisdiction to address the merits of Defendant's successive motions in his Fourth, Fifth, and Eleventh Filings because they were filed in the district court without the required authorization from the Tenth Circuit. However, the Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court," the lower court may transfer the case to the higher court "if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *Id.* at 1252. At this stage, the Court has determined additional briefing from the parties would be appropriate before resolving the question of whether to transfer the case to the Tenth Circuit.

The Court takes the Fourth and Fifth Filings under advisement because Defendant has requested a reply to the Government's response in opposition. Dkt. No. 99. The Rules Governing § 2255 Proceedings state a "moving party may submit a reply to the respondent's answer or other pleading within a time fixed by the judge." Rules Governing § 2255 Cases, Rule 5(d), 28 U.S.C.

The Court also takes the Eleventh Filing under advisement. Defendant claims he requested his plea agreement repeatedly but was not able to obtain a copy of it until November 22, 2023—after the one-year window closed. Dkt. No. 97 at 1. It is unclear whether this situation would qualify as a situation of "newly discovered evidence" under § 2255(h). The Government shall respond to the Eleventh Filing no later than May 3, 2024 and specifically address this issue. Once the Government responds, Defendant may file a reply no later than June 3, 2024.

**Discovery Motion**

Defendant's Tenth Filing is a discovery motion. Dkt. No. 103. Discovery in a § 2255 proceeding is not permitted without leave of court. Rules Governing § 2255 Cases, Rule 6(a), 28 U.S.C. The Tenth Circuit has construed this to require a showing of good cause, which it defined as "a specific allegation that shows reason to believe the petitioner may be able to demonstrate he is entitled to relief." *LaFevers v. Gibson*, 182 F.3d 705, 723 (10th Cir. 1999). To make this good cause showing, "[a] party requesting discovery must provide reasons for the request." Rules Governing § 2255 Cases, Rule 6(b), 28 U.S.C.

Defendant's stated reason for requesting discovery is that he needs it to "have adequate documents and appropriate information to submit the required amendment to § 2255 motion." Dkt. No. 103 at 2. This is too conclusory to establish good cause.[10] Further, Defendant cannot use discovery to expand claims that are time-barred. Defendant's Tenth Filing is denied.

**IFP Motion**

Defendant's Twelfth Filing addresses Defendant's request that he proceed in forma pauperis. Dkt. No. 105. This is moot because there is no filing fee for a § 2255 proceeding.

---

[10] It also presupposes amendment would be allowed, let alone required.

10

**Time Extension Motions**

Defendant's Sixth Filing requests an extension of time to respond to a Government filing addressing his Fourth and Fifth Filings. Dkt. No. 99. Defendant's Ninth Filing requests an extension of time to file another amendment to his § 2255 Challenge once he obtains the discovery he requested in his Tenth Filing. Dkt. No. 102. The Sixth Filing is granted. Defendant may file a reply no later than June 3, 2024. The Ninth Filing is moot because the Court has denied the discovery requested in the Tenth Filing.

## CONCLUSION

IT IS THEREFORE ORDERED that:

Defendant's Third Filing [Dkt. No. 89] is construed as a motion for amendment and is GRANTED.

Defendant's Fourth Filing [Dkt. No. 94] is DENIED insofar as it is a motion for amendment and TAKEN UNDER ADVISEMENT insofar as it is a second or successive § 2255 petition.

Defendant's Fifth Filing [Dkt. No. 97] is GRANTED IN PART AND DENIED IN PART insofar as it is a motion for amendment and TAKEN UNDER ADVISEMENT insofar as it is a second or successive § 2255 petition.

Defendant's Sixth Filing [Dkt. No. 99] is GRANTED. Defendant may file a reply no later than June 3, 2024.

Defendant's Eighth[11] Filing [Dkt. No. 101] is construed as a motion for amendment and is DENIED AS MOOT.

Defendant's Ninth Filing [Dkt. No. 102] is DENIED AS MOOT.

Defendant's Tenth Filing [Dkt. No. 103] is DENIED.

---

[11] Defendant's Seventh Filing is a reply and thus does not require a ruling from the Court.

Defendant's Eleventh Filing [Dkt. No. 104] is TAKEN UNDER ADVISEMENT. The Government shall respond no later than no later than May 3, 2024. Defendant may reply no later than no later than June 3, 2024.

Defendant's Twelfth Filing [Dkt. No. 105] is DENIED AS MOOT.

Dated this 3rd day of April 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE