IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>SHAWN ALEXANDER SIMPSON,<br><br>                    Defendant. | Case No. 21-CR-469-JFH |

**OPINION AND ORDER**

Before the Court are numerous filings related to a motion to vacate sentence under 28 U.S.C. § 2255 ("Original Motion" or "First Filing") filed by Defendant Shawn Alexander Simpson ("Defendant"). Dkt. No. 77. The Court issues this Order as a follow up to an order it issued on April 3, 2024 (the "April Order") [Dkt. No. 106]. The April Order largely clarified the state of the docket, but it took three matters under advisement related to Defendant's filings at Dkt. No. 94 (the "Fourth Filing"), part of Dkt. No. 97 (the "Fifth Filing"), and Dkt. No. 104 (the "Eleventh Filing").[1] Following additional briefing by both parties [Dkt. No. 109 (Government); Dkt. No. 112 and Dkt. No. 116 (Defendant)], the Court now addresses these issues.

**BACKGROUND**

**Pretrial, Guilty Plea, and Sentencing**

Defendant was indicted on three counts: sexual abuse of an incapable victim in Indian country, in violation of 18 U.S.C. §§ 1151, 1152, and 2242(2); first degree burglary in Indian country, in violation of 18 U.S.C. §§ 1151, 1152, & 13 and 21 O.S. §§ 1431 & 1436; and abusive sexual contact with an incapable victim in Indian country, in violation of 18 U.S.C. §§ 1151, 1152, & 2244(a)(2). Dkt. No. 15. The sexual abuse charge alleged that Defendant caused A.F. to engage

---

[1] The Court refers to these filings by the same terminology it used in the April Order.

in a sexual act by penetrating her mouth with his penis and by touching her genitalia while he "well knew at that time [that A.F. was] in capable of appraising the nature of the conduct, and physically incapable of declining participation in and communicating unwillingness to engage in that sexual act," and the abusive sexual contact charge alleged that he caused sexual contact with her "by intentionally touching, directly and through clothing, her genitalia, buttocks, and breasts" while she was "incapable of appraising the nature of the conduct, and physically incapable of declining participation in and communicating unwillingness to engage in that sexual contact." *Id.*

In July 2022, Defendant pled guilty to the two sexual abuse-related charges in a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). Dkt. No. 68; Dkt. No. 69; Dkt. No. 70. The statutes listed in the plea agreement for Count One—which the agreement specified was sexual abuse of an incapable victim in Indian country—were 18 U.S.C. §§ 1151, 1152, & 2242(**1**). Dkt. No. 69 at 1.[2] Defendant's plea agreement sets out a factual basis that:

> [O]n or about July 18, 2021, I knew that A.F. was asleep and incapable of consenting to sexual acts or contacts. While A.F. was asleep and incapable of consenting, I used my hand to touch A.F. on her buttocks, genitals, and breasts over her clothes. I also inserted my penis into A.F.'s mouth.

Dkt. No. 69 at 8. Defendant's petition to enter plea of guilty incorporates the facts stipulated to in the plea agreement. Dkt. No. 68 at 2. The plea agreement stated that "the Court shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for not less than 5 years or more than life." Dkt. No. 69 at 12-13.

---

[2] The plea agreement had other inconsistencies, particularly referring to the two sexual abuse-related charges as Counts One and Two instead of Counts One and Three as labeled in the indictment. Dkt. No. 69. The minutes of the change of plea hearing noted that the parties referred to the two sexual abuse-related charges as Counts One and Two because the actual Count Two, for burglary, had been dismissed. Dkt. No. 50; Dkt. No. 65.

In October 2022, Defendant was sentenced. Dkt. No. 76. The judgment, like the plea agreement, stated the offense for Count One was sexual abuse of an incapable victim in Indian country in violation of 18 U.S.C. § 1151, 1152, & 2242(1). *Id.* at 1. The Court accepted the parties' 11(c)(1)(C) plea agreement and sentenced Defendant to 96 months' imprisonment as to Count One and 36 months as to Count Three, to run concurrently with each other, followed by seven years of supervised release. *Id.* at 2-3.

**Section 2255 Briefing**

Defendant filed his Original Motion on September 29, 2023. Dkt. No. 77. The Original Motion did not challenge Defendant's conviction or terms of imprisonment. *Id.* at 1. Instead, it claimed his counsel was ineffective because Defendant entered "into a plea agreement not fully knowing and understanding he was agreeing to [various] term[s] of Supervised Release." *Id.* Since the Original Motion, Defendant has filed repeated supplements and/or motions to amend the Original Motion. The Court ruled in its April Order that the Original Motion was amended by Defendant's filing at Dkt. No. 83 (his "Second Filing"), which widened the scope of Defendant's challenge from one ground to two grounds: a supervised release issue and a manufactured or manipulated evidence issue regarding a video of the charged conduct (together, the "§ 2255 Challenge"). The April Order also ruled that various other filings Defendant submitted did not amend his § 2255 Challenge because they were time-barred.

Regarding the Fourth, Fifth, and Eleventh Filings, the Court found that each was better treated as a second or successive § 2255 motion. Dkt. No. 106 at 9. It explained that it lacked jurisdiction to address the merits of these successive motions because they lacked the required authorization from the Tenth Circuit. *Id.* A limited avenue exists for the potential transfer of the case to the Tenth Circuit for Defendant to request this authorization. However, the Court declined

3

to decide the transfer question in the April Order, instead taking the Fourth, Fifth, and Eleventh Filings under advisement so that the parties could provide briefing on the issue of transfer.

## AUTHORITY AND ANALYSIS

**Successive Motions**

The rules of § 2255 motions permit a second or successive § 2255 motion under certain circumstances when the new motion is based on newly discovered evidence or new rules of constitutional law. 28 U.S.C. § 2255(h). By statute, an appellate court must certify a second or successive motion, and "[a] district court does not have jurisdiction to address the merits of [it] until [the Tenth Circuit] has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

Here, the Court lacks jurisdiction to address the merits of Defendant's successive motions in his Fourth, Fifth, and Eleventh Filings because they were filed in the district court without the required authorization from the Tenth Circuit. However, the Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court," the lower court may transfer the case to the higher court "if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *Id.* at 1252.

"A transfer is not in the interest of justice when the claims raised in the successive petition clearly do not meet the requirements set forth in 28 U.S.C. § 2255(h)." *United States v. Duran*, 454 F. App'x 671, 675 (10th Cir. 2012) (quoting *United States v. Lara-Jimenez*, 377 F. App'x 820, 822 (10th Cir. 2010)). As noted above, § 2255(h) requires either "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the

offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2).

The Fourth and Fifth Filings clearly do not meet § 2255(h)'s requirements. They do not involve newly discovered evidence or new rules of constitutional law, but instead attempt to add a claim or theory regarding defense counsel's advice to Defendant on "confessing to crimes that did not happen." Defense counsel's advice was known to Defendant within the § 2255 window.

The Eleventh Filing also clearly does not meet § 2255(h)'s requirements. The Court requested briefing from the parties on whether Defendant's identification of a scrivener's error carried across his plea agreement and his judgment and commitment would qualify as a situation of "newly discovered evidence." Having reviewed the filings of both parties, the Court is confident that the scrivener's error issue is *not* a situation of newly discovered evidence under § 2255(h). As the Government points out in its response, Defendant informed the Magistrate Judge at his change of plea hearing that he had reviewed the plea agreement before the hearing. Dkt. No. 84 at 12. Additionally, Defendant knew of the scrivener's error at the time of his Original Filing because he included the erroneous statutory citation from his judgment in that document. Dkt. No. 77 at 1.

Since all three Filings clearly do not meet the requirements of § 2255, transfer to the Tenth Circuit would not be in the interest of justice.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Fourth Filing [Dkt. No. 94], Defendant's Fifth Filing [Dkt. No. 97] as it relates to the advice of counsel theory, and Defendant's Eleventh Filing [Dkt. No. 104] are DISMISSED for lack of jurisdiction.

Dated this 25th day of June 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE