IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

                      **Plaintiff,**

v.                                                      Case No. 21-CR-469-JFH

SHAWN ALEXANDER SIMPSON,

                      **Defendant.**

## OPINION AND ORDER

Before the Court is a motion to dismiss and vacate on grounds of a constructive amendment ("Motion") filed by Defendant Shawn Alexander Simpson ("Defendant"). Dkt. No. 113. Defendant argues that the United States of America ("Government") changed the charging statute for one of the counts of his indictment, constructively amending the indictment from charging 18 U.S.C. § 2242(2) to 18 U.S.C. § 2242(1). *Id.*

The Court lacks jurisdiction to consider Defendant's Motion. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *United States v. James*, 728 F. App'x 818, 822 (10th Cir. 2018) (unpublished) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).[1] "After entry of final judgment, a district court has jurisdiction only to the extent permitted by statute or rule." *Id.* The federal criminal offense jurisdiction statute, 18 U.S.C. § 3231, "by itself doesn't give the district court jurisdiction over all post-conviction motions." *Id.* (citations omitted). The Motion was filed well over a year after final judgment was entered in the case. Defendant does not provide any statutory basis for the Court's jurisdiction to consider the Motion and the Court does not find an independent statutory

---

[1] Unpublished cases are not precedential but may be cited for persuasive value. *See* Fed. R. App. P. 32.1.

basis conferring jurisdiction.  *See United States v. Patterson*, 253 F. App'x 748, 750 (10th Cir. 2007) (unpublished) (holding that the district court lacked jurisdiction to consider defendant's post-appeal motion to dismiss his indictment and that if defendant wanted to collaterally attack the sufficiency of the indictment, he must do so under 28 U.S.C. § 2255); *United States v. Scott*, 2015 WL 12915112, at *1-2 (D. Wyo. Aug. 24, 2015) (holding that the court lacked jurisdiction to consider defendant's motion to dismiss the indictment because defendant's conviction and sentence were final); *United States v. Townsend*, 809 F. App'x 593, 595 n.1 (11th Cir. 2020) (unpublished) (holding that the district court lacked jurisdiction to consider an argument that indictment was defective because a § 2255 motion was the "exclusive mechanism" for asserting this claim, and the district court lacked jurisdiction to consider a second § 2255 motion).

The Court also declines to construe the Motion as a § 2255 motion, as Defendant has already made an untimely and consequently unsuccessful attempt to raise the same issue in his § 2255 briefing.  *See* Dkt. No. 119.

IT IS THEREFORE ORDERED that Defendant's motion to dismiss [Dkt. No. 113] is DENIED.

Dated this 17th day of July 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE