**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SHAWN ALEXANDER SIMPSON,**<br><br>**Defendant.** | **Case No. 21-CR-469-JFH** |

## OPINION AND ORDER

Before the Court is a motion filed by the United States of America ("Government") seeking to amend the plea agreement [Dkt. No. 69] and judgment [Dkt. No. 76] to correct a clerical error ("Motion"). Dkt. No. 108. Defendant Shawn Alexander Simpson ("Defendant") was invited to respond to the motion but did not. Dkt. No. 110. For the following reasons, the Government's Motion [Dkt. No. 108] is GRANTED.

## BACKGROUND

Relevant to the Government's Motion, Defendant was indicted on October 14, 2021 on Count One, Sexual Abuse of an Incapable Victim in Indian Country, in violation of 18 U.S.C. §§ 1151, 1152, and 2242(2). Dkt. No. 15. Section 2242(2) makes it a crime to "engage[ ] in a sexual act with another person if that other person is (A) incapable of appraising the nature of the conduct; or (B) physically incapable of declining participation in . . . that sexual act." 18 U.S.C. §§ 2242(2). The indictment alleged that Defendant "knowingly caused and attempted to cause A.F. . . . to engage in a sexual act" when Defendant knew A.F. was "incapable of appraising the nature of the conduct, and physically incapable of declining participation in and communicating unwillingness to engage in that sexual act." Dkt. No 15 at 1-2.

In July 2022, Defendant pled guilty to Count One, along with another count, pursuant to a written plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). Dkt. Nos. 68, 69, 70, and 75. On page one of the plea agreement, Count One is correctly listed as Sexual Abuse of an Incapable Victim in Indian Country, but the statutory reference is written as 18 U.S.C. §§ 1151, 1152, and 2242(*1*). Dkt. No. 69 at 1. Section 2242(1) makes it a crime to cause "another person to engage in a sexual act by threatening or placing that other person in fear . . . ." 18 U.S.C. § 2242(1). The factual basis and elements section of the plea agreement properly references § 2242(2) and correctly lists the elements related to § 2242(2). Dkt. No. 69 at 7-8. Defendant describes his conduct in the plea agreement as knowingly engaging in sexual contact with A.F., who he knew to be asleep and incapable of consenting to sexual contact. *Id*. at 8-9. Neither the factual basis nor the elements allege that Defendant caused A.F. to engage in sexual contact by use of threat or fear.

Defendant was sentenced on October 28, 2022 by the Honorable Judge Frank P. Geraci, Jr. Dkt. No. 76. Judgment was entered on October 31, 2022. *Id*. Like the plea agreement, the judgment correctly lists Count One as Sexual Abuse of an Incapable Victim in Indian Country, but, again, the statutory reference is written as 18 U.S.C. §§ 1151, 1152, and 2242(*1*). *Id*. at 1. During the sentencing hearing, the Court correctly named Count One as Sexual Abuse of an Incapable Victim and described the factual basis supporting a conviction under § 2242(2). Dkt. No. 85 at 15. Again, nothing stated during the sentencing hearing indicated that Defendant caused A.F. to engage in sexual contact by use of threat or fear or indicated that Defendant was being sentenced pursuant to § 2242(1) rather than § 2242(2).

**ARGUMENT AND AUTHORITES**

Pursuant to Federal Rule of Criminal Procedure 36, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record . . . ." Fed. R. Crim. P. 36. As the Tenth Circuit has explained, "Rule 36 is narrow, applying only to uncontroversial and non-substantive clerical errors of the sort that a clerk might commit, mechanical in nature." *United States v. Kieffer*, 702 Fed. Appx. 734, 737 (10th Cir. 2017) (unpublished) (internal quotations and citations omitted); *see also United States v. Blackwell*, 81 F.3d 945, 948–949 (10th Cir. 1996) ("Rule 36 gives the court authority to correct clerical-type errors, but does not give the court authority to substantively modify a Defendant's sentence."). The error should be "clear on the face of the record as to obviate the need for subsequent adversarial proceedings." *Kieffer*, 702 Fed. Appx. at 737.

First, the Court finds that Defendant was sufficiently provided notice of this issue both by the filing of the Government's motion and by the Court's invitation to respond to the motion. Next, the Court finds the references to § 2242(1) in the plea agreement and judgment to be clerical errors. Regarding the plea agreement, the use of the correct name of the offense, the use of the correct statute in other areas of the plea agreement, and the elements and factual basis supporting a conviction under § 2242(2), make clear that the reference to § 2242(1) in the plea agreement was a clerical error. Likewise, the use of the correct name of the offense in the judgment, along with the context of the sentencing hearing, make clear that the reference to § 2242(1) in the judgment was also a clerical error—likely the result of copying the text from the first page of the plea

agreement.[1] Finally, the Court notes that correcting the statutory reference in the judgment and plea agreement would not substantively modify Defendant's sentence.

For these reasons, the Court finds the statutory references to § 2242(1) in the plea agreement and judgment to be clerical errors and, accordingly, exercises its authority under Federal Rule of Criminal Procedure 36 to correct the plea agreement and judgment to reflect a plea and conviction under 18 U.S.C. § 2242(2).

## CONCLUSION

IT IS THEREFORE ORDERED that the Government's motion [Dkt. No. 108] is GRANTED. The plea agreement [Dkt. No. 69] is hereby amended by interlineation to reflect Defendant's plea to 18 U.S.C. § 2242(2) on Count One. The Court will separately issue an Amended Judgment.

DATED this 5th day of October 2026.

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE

[1] *See United States v. Blackner*, 901 F.2d 853, 855 (10th Cir. 1990) (holding that the sentencing hearing transcript made clear that the written judgment contained an apparent clerical error regarding the statute under which a sentence was imposed.)