**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SHAWN ALEXANDER SIMPSON,**<br><br>**Defendant.** | **Case No. 21-CR-469-JFH** |

**OPINION AND ORDER**

Before the Court are several motions filed by Defendant Shawn Alexander Simpson ("Defendant"): (1) a motion for status update [Dkt. No. 125]; (2) a motion to amend [Dkt. No. 134]; (3) a motion for certificate of appealability [Dkt. No. 135]; (4) a motion for reconsideration and certificate of appealability [Dkt. No. 136]; and (5) a second motion for status update [Dkt. No. 137]. The Court notes that Defendant has also filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 which the Court has taken under advisement. Dkt. No. 77. While the § 2255 motion remains under advisement, the Court will address the other five (5) pending motions in turn.

**I. Defendant's Motion for Status Update [Dkt. No. 125]**

Defendant moves the Court for a status update regarding his § 2255 motion. As noted above, the Court has taken the § 2255 motion under advisement and will rule on it in due course. Defendant's motion for status update [Dkt. No. 125] is denied as moot.

**II. Defendant's Motion to Amend [Dkt. No. 134]**

Next, Defendant moves to amend his § 2255 motion. Dkt. No. 134. "The habeas rule instructs the petitioner to specify all grounds for relief available to [him] and to state the facts supporting each ground." *Mayle v. Felix*, 545 U.S. 644, 649 (2005) (quotation omitted)

(modification in original). At the same time, "Congress provided that a habeas petition may be amended . . . as provided in the rules of procedure applicable to civil actions." *Id*. (quotation omitted). Federal Rule of Civil Procedure 15 applies to amendment of § 2255 motions. *United States v. Roe*, 913 F.3d 1285, 1296 (10th Cir. 2019).

"Pursuant to the provisions of Fed. R. Civ. P. 15(a)(2), a movant may file an amended § 2255 motion at any time during post-conviction proceedings with leave of court." *Id*. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, arguments raised in an amendment to a § 2255 motion "only relate back to the date of the original pleading, for purposes of any applicable statute of limitation, when 'the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.'" *Roe*, 913 F.3d at 1296 (quoting Fed. R. Civ. P. 15(c)(1)(B)).

[A]n untimely amendment to a § 2255 motion which, by way of additional facts, clarifies or amplifies a claim or theory in the original motion may, in the District Court's discretion, relate back to the date of the original motion if and only if the original motion was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case. *Id*. (quoting *United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000)).

Since Defendant's first revision, as set forth in Dkt. No. 83 filed on October 31, 2023, fell within the applicable statute of limitations, it widened the scope of Defendant's challenge from one ground to two grounds: a supervised release issue and a manufactured or manipulated evidence issue regarding a video of the charged conduct (together, the "§ 2255 Challenge"). To avoid being time-barred, Defendant's motion to amend must add additional facts to clarify or amplify the § 2255 Challenge, and not add additional new claims or theories. *Roe*, 913 F.3d at 1296.

Upon review of the motion to amend, the Court finds that it clarifies or amplifies Defendant's theory regarding the video evidence. This relates back to the timely filed § 2255 Challenge and, accordingly, Defendant's request to amend is granted.

**III. Defendant's Motion for Certificate of Appealability [Dkt. No. 135]**

Next, Defendant asks the Court for issuance of a certificate of appealability "to permit appellate review of the denial of [his] motion under 28 U.S.C. § 2255." Dkt. No. 135 at 1. As the Court has not yet ruled on Defendant's § 2255 motion, Defendant's motion for certificate of appealability [Dkt. No. 135] is denied as premature.

**IV. Defendant's Motion for Reconsideration and Request for Certificate of Appealability [Dkt. No. 136]**

Defendant's motion here appears to seek both reconsideration and appeal of the Tenth Circuit Court of Appeals' decision dismissing his appeal as untimely. Dkt. No. 136; *see* Dkt. No. 130. This Court does not have jurisdiction to "reconsider" the Tenth Circuit's decision, nor does it have jurisdiction to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c) regarding the Tenth Circuit's decision. *See* Federal Rules of Appellate Procedure Rule 40 ("A party may seek rehearing of a decision through a petition for panel rehearing. . . . Panel rehearing is the ordinary means of reconsidering a panel decision."); *see also* Filing Your Appeal - Pro Se – Supreme Court, The United States Court of Appeals for the Tenth Circuit, https://www.ca10.uscourts.gov/supreme-court (last visited October 5, 2026) ("The only court with the authority to overturn a decision by [the Tenth Circuit Court of Appeals] is the United States Supreme Court."). For these reasons, Defendant's motion for reconsideration and request for certificate of appealability [Dkt. No. 136] is denied for lack of jurisdiction.

### V. Defendant's Motion for Status Update [Dkt. No. 137]

Finally, Defendant has filed a second motion for status update regarding his pending motion for certificate of appealability. Dkt. No. 137. As the Court has ruled upon that motion in this order, Defendant's motion for status update [Dkt. No. 137] is now moot.

## CONCLUSION

IT IS THEREFORE ORDERED that:

Defendant's motion for status update [Dkt. No. 125] is DENIED as moot;

Defendant's request to amend [Dkt. No. 134] is GRANTED;

Defendant's motion for certificate of appealability [Dkt. No. 135] is DENIED as premature;

Defendant's motion for reconsideration and certificate of appealability [Dkt. No. 136] is DENIED for lack of jurisdiction; and

Defendant's motion for status update [Dkt. No. 137] is DENIED as moot.

DATED this 5th day of October 2026.

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE